Walter R. Hart, J.
The contention that respondent lacked authority to resort to disciplinary action against the petitioner licensee for the misconduct on January 4, 1960 because of the cancellation of the license on December 31, 1959, which was stayed by the order of Mr. Justice Beldock, though ingenious, is specious. The cases cited do not support the contention.
It is apparent, however, that the measure of punishment or penalty consisting of the revocation of the license is so excessive as to amount to an abuse of discretion. It is conceded that at the time of the misconduct a relief bartender was in charge of the licensed premises and that none of the principals of the corporate owner was present or participated therein. Until the first proceedings were instituted on November 4, 1959 no disciplinary proceedings of any kind were brought with respect to petitioner’s license during a period of more than 24 years and none was brought during the period of 15 years since the principals of the corporation became associated therewith. There is proof that during all of these years only on three nights was there solicitation by homosexuals. Upon becoming aware of the charges of the misconduct occurring on January 4, 1960, the bartender involved was summarily discharged.
It further appears that the principals of the petitioner corporation purchased another licensed restaurant and bar at 22 Clinton Street, Brooklyn, and have conducted that business since April 11, 1958, the licensee operating under the name of Guy’s Restaurant and Bar, Inc. No misconduct has ever been charged to that licensee; respondent’s investigators have testi *693 fied that on five separate visits to Guy’s Restaurant and Bar, Inc., they observed no violations of law or regulations.
As a result of the order of revocation the principals of Guy’s Restaurant and Bar, Inc., are barred under subdivision 5 of section 126 of the Alcoholic Beverage Control Law for a period of two years from obtaining any license for the sale of alcoholic beverage and therefore have been held to have forfeited their right to renewal of that license. This, of course, will result in the destruction of their business in those premises.
It is the court’s conclusion, since the principals of petitioner corporation were not present at the time that the acts of solicitation occurred, that the revocation of petitioner’s license with its resultant effect on their rights to be licensed to conduct Guy’s Restaurant and Bar, Inc., is under all of the circumstances grossly excessive. The penalty imposed is “ so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.” (Matter of Stolz v. Board of Regents, 4 A D 2d 361, 364.) A further extensive suspension, which would not involve the other license of petitioner’s principals, would be adequate punishment and still not be destructive of their interests in Guy’s Restaurant and Bar, Inc.
Accordingly, the matter is remitted to respondent for action in accordance with this opinion. Settle order on notice.