■ In the Matter of FULTON BAR & GRILL, INC., Respondent, against STATE LIQUOR AUTHORITY, Appellant.— In an article 78 proceeding, the State Liquor Authority appeals from an order of the Supreme Court, Kings County, entered March 30, 1960, which annulled its determination revoking petitioner's restaurant liquor license and which remitted the matter to the Authority for reconsideration and imposition of a lesser penalty in accordance with the opinion of said court. Order reversed on the law and the facts, with costs, and proceeding dismissed, with $10 costs and disbursements. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The State Liquor Authority, after a full hearing, revoked petitioner's restaurant liquor license based upon a finding that on specified dates petitioner suffered and permitted its premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. A consideration of the entire record discloses that the evidence is amply sufficient to warrant a finding by the Authority that petitioner and its principals knowingly permitted the licensed premises to be used as a gathering place for homosexuals and degenerates who conducted themselves in an offensive and indecent manner. The revocation of the restaurant liquor license was entirely justified. We cannot regard the fact that, as a result of the revocation, the petitioner's principals were denied the renewal of a similar license on other premises (the conduct of which on the record before us may not be held to have been entirely above suspicion), as warranting a reversal of the Authority's discretion in imposing the penalty it did. In any event, consideration of such collateral hardship is precluded by the mandatory statutory requirement that the Authority shall refuse another license to such licensee or

to the principals of such a corporate licensee for any premises for a period of two years after the revocation (Alcoholic Beverage Control Law, § 126, subd. 5). Petitioner, not having renewed in accordance with leave heretofore granted, its motion to dismiss the appeal, we have treated the order appealed from as being appealable within the meaning of sections 1300 and 1304 of the Civil Practice Act. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur. [21 Misc 2d 692.]